UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELISSA DAGGETT, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>　　　　　　　　　　　　Defendant. | Civil Action No:<br><br><br>**CLASS ACTION COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

Plaintiff Melissa Daggett (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys against Defendant Radius Global Solutions, LLC (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

1

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id.* at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.  Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of Kansas.

8.  Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA, with an address of 7831 Glenroy Road, Suite 250-A, Minneapolis, Minnesota 55439.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals;

   b. to whom Defendant sent collection letters;

   c. attempting to collect a consumer debt;

   d. where Defendant sent at least two initial letters for a debt;

   e. that contained different reference numbers when identifying that debt; and

   f. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to the attached Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to

consumers, similar in form to the attached Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to February 10, 2022, an obligation was allegedly incurred by Plaintiff to non-party creditor Commerce Bank ("Commerce").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Commerce Bank contracted with Defendant for the purpose of collecting this debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. On February 10, 2022, Defendant mailed an initial collection letter to the Plaintiff to collect on a debt alleged to be owed by the Plaintiff. A true and accurate copy of the letter is attached as Exhibit A, hereinafter "February Letter."

26. The February Letter sets forth that the purpose of the communication is to collect a debt. *See* Exhibit A.

27. The February Letter lists information about the alleged debt and contains a reference number that ends with 6926. *See id*.

28. The February Letter ostensibly includes the validation notices required by 15 U.S.C. § 1692g. *See id*.

29. On August 13, 2022, Defendant mailed another initial collection letter to the Plaintiff. A true and accurate copy of this letter is attached as Exhibit B, hereinafter "August Letter."

30. The August Letter sets forth that the purpose of the communication is to collect a debt. *See* Exhibit B.

31. The August Letter contains similar information regarding the alleged debt, but has a different reference number, which ends with 2839. *See id*.

32. The Defendant previously indicated in the February Letter that it was collecting for an account with a reference number ending with 6926. *See* Exhibit A.

33. The August Letter does not explain the change in the reference number. *See* Exhibit B.

34. Additionally, the August Letter contains a different PIN number than the PIN number referenced in the February Letter. *See* Exhibit A and Exhibit B.

35. According to the February Letter and the August Letter, the purpose of the PIN number and the reference number is to make online payments on Defendant's website. *See id*.

36. Because of the conflicting reference numbers in the Letters, Plaintiff suspected that collection attempt may be fraudulent or suspect, in whole or in part.

37. Furthermore, the Plaintiff was unsure if this was a second debt being collected that differed from the original initial letter.

38. The conflicting reference numbers left the Plaintiff concerned that the August Letter was fraudulent and/or a scam.

39. The February Letter and the August Letter both contain a statement of notices required *only in an initial* communication, pursuant to 15 U.S.C. § 1692g(a). *See* Exhibit A and Exhibit B.

40. Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

41. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

42. If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

43. By stating that the consumer has an additional 30-day period in which she may dispute the debt, which is not accurate per 15 U.S.C. § 1692g(a), the August Letter is misleading and unfairly confuses the Plaintiff as to her rights.

44. In reliance on the August Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

45. Providing the consumer with the correct reference number of the debt is the most basic step to validating the debt.

46. Plaintiff also suffered from fear, anxiety and stress, which manifested physically in the form of increased heartrate, because of the Defendant's improper acts.

47. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

48. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion and defamation.

49. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

50. Plaintiff is entitled to receive proper notice of the character, legal status, and amount of the debt, as required by the FDCPA.

51. Defendant failed to effectively inform the Plaintiff of this information.

52. These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant's collection efforts with respect to this alleged debt caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

55. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond to or handle Defendant's debt collection.

56. As described above, Plaintiff was confused and misled to her detriment by the statements in the August Letter, and relied on the contents of the August Letter to her detriment.

57. As described above, the Plaintiff would have pursued a different course of action were it not for the Defendant's violations in the August Letter.

58. As a result of the Defendant's deceptive, misleading, unfair, and unconscionable debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

59. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. § 1692e, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

62. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

63. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

64. Defendant violated 15 U.S.C. § 1692e:

   a. By making a false and misleading representation regarding the reference number when collecting on one debt, in violation of §§ 1692e, 1692e(2), and 1692e(10); and

   b. By misrepresenting that the validation period for the underlying debt was restarted.

65. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

66. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

68. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair and unconscionable means in connection with the collection of any debt.

69. Defendant violated 15 U.S.C. § 1692f:

   a. By unfairly and unconscionably collecting the same debt twice and presenting it as two different debts.

70. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g *et seq.***

71. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73. Pursuant to 15 U.S.C. § 1692g, an initial communication with a debtor regarding a debt must clearly identify the account and reference number.

74. Defendant violated 15 U.S.C. § 1692g:

   a. By providing conflicting information concerning the alleged debt, thereby failing to disclose the information required by 15 U.S.C. § 1692g;

   b. By failing to clearly state the reference number and identifying the debt in the August Letter to be the same as the debt in the February Letter; and

   c. By collecting the same debt twice and presenting it as two different debts.

75. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Melissa Daggett, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: August 10, 2023                                    Respectfully submitted,

**CUTLER GORDON & WARGA**

*/s/ Avraham Zvi Cutler*
By: Avraham Zvi Cutler, Esq.
5995 East Grant Road, Suite 200
Tucson, AZ 85712
Phone: 520-222-7338
acutler@cutlerlawgroup.com
*Counsel for Plaintiff Melissa Daggett*

**STEIN SAKS, PLLC**

*/s/ M. Hasan Siddiqui*
By: Muhammad Hasan Siddiqui, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
hsiddiqui@steinsakslegal.com
*Pro Hac Vice Pending*