UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Melissa Daggett, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

Radius Global Solutions, LLC,

        Defendant.

Civ. No. 23-2471 (PAM/ECW)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings.  For the following reasons, the Motion is granted.

## BACKGROUND

Plaintiff Melissa Daggett alleges that she incurred a consumer-related debt to Commerce Bank at some point before February 2022.  (Compl. ¶¶ 21, 23.)  Commerce Bank in turn hired Defendant Radius Global Solutions, LLC, to collect the debt (id. ¶ 24), and in February 2022, Radius sent Daggett a letter attempting to collect on the debt.  (Id. Ex. A.)  Daggett does not dispute that the letter is substantively identical to the form debt-collection letters the federal Consumer Financial Protection Bureau ("CFPB")[1] has

---

[1] Radius requests that the Court "take judicial notice" of the "Complaint and Exhibits A and B attached thereto" as well as the model forms the CFPB publishes.  (Docket No. 23 at 7-8.)  It is unnecessary for the Court to take judicial notice of matters Daggett herself filed in this case.  And Radius does not argue that there is any safe harbor or other exemption from liability for a debt collector using CFPB-approved forms.  It is not apparent why judicial notice of the CFPB forms would be warranted or necessary at this stage of the litigation, because these forms are not relevant to any matter currently in dispute.  See Fed. R. Evid. 201 ("Judicial Notice of Adjudicative Facts").  The Court therefore declines Radius's request to take judicial notice, but does so without prejudice.

approved for that purpose.  The letter tells Daggett that Radius is "trying to collect a debt that you owe to COMMERCE BANK" and gives a Commerce Bank account number ending in 2619.  (Id.)  The total amount of the debt is $4,865.08.  (Id.)  The letter also informs Daggett that she can dispute all or part of the debt by calling or writing Radius, or she can ask Radius for the name and address of the original creditor, and if she does either of these things by March 22, 2022, Radius will stop trying to collect the debt.  (Id.)  Finally, at the bottom of the page, the letter provides, "To make online Payments visit" a Radius website, using a reference number and PIN.  The reference number on this letter ends in 6926, with a PIN of 90783.  (Id.)  The Complaint contains no information about whether Daggett responded to this letter.

In August 2022, Radius sent Daggett another letter, substantially identical to the first.  (Compl. Ex. B.)  This letter again listed the debt to Commerce Bank, the account number ending in 2619, and the amount of the debt as $4,865.08.  (Id.)  The letter again told Daggett that she could dispute the debt or ask for the name and address of the original creditor, and if she did either by September 22, 2022, Radius would stop trying to collect the debt.  (Id.)  The letter also lists the website for online payments, providing a reference number ending in 2839 and PIN of 70337 for Daggett to use on the website.  (Id.)

Daggett claims that the use of a different reference number and PIN on the second letter constitutes "an unfair and unconscionable means" to collect a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.  She specifically invokes § 1692e(2)(A), which prohibits a false representation regarding the character or status of a debt, and § 1692e(10), which prohibits any "false representation or deceptive

means to collect or attempt to collect a[] debt." (Compl. ¶¶ 61-63.)  She also asserts that the letters were an "unfair and unconscionable" attempt to collect "the same debt twice and presenting it as two different debts" in violation of § 1692f.  (Id. ¶ 68-69.)  And she contends that the letters taken together violated the requirements of § 1692g because the letters did not clearly identify the account and reference number.  (Id. ¶ 74.)  She purports to sue on her own behalf and on behalf of a class of similarly situated individuals.

**DISCUSSION**

The Court evaluates a motion for judgment on the pleadings under Rule 12(c) using the same standards as a motion to dismiss under Rule 12(b)(6).  Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010) (citation omitted).  Thus, the Court assumes that the facts in the Complaint are true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citation omitted).  The Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly,

3

550 U.S. at 555).  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.

The FDCPA prohibits debt collectors from using a "false, deceptive or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or "unfair or unconscionable means to collect or attempt to collect any debt."  Id. § 1692f. Courts evaluate the statements at issue using the "unsophisticated consumer" standard. Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002).  A plaintiff raising a violation of these sections of the FDCPA must demonstrate that the representation or communication was not only false but materially so.  See Hill v. Accounts Receivable Servs., LLC, 88 F.3d 343, 346 (8th Cir. 2018).  A material misrepresentation is one that "undermined [the plaintiff's] ability to intelligently choose her action regarding the debt." Caulfield v. Am. Account & Advisors, Inc., No. 12cv2761, 2013 WL 1953314, at *2 (D. Minn. May 10, 2013) (Doty, J.)).

Daggett insists that she has plausibly alleged that the different internal reference number is misleading because she alleges that she was confused by it.  (Compl. ¶¶ 36-38.) But Daggett's alleged confusion does not suffice to plead her claims.  The Court must instead evaluate whether a hypothetical unsophisticated consumer would be misled by the statements at issue.  See Peters, 277 F.3d at 1055 (noting that the unsophisticated consumer standard "contain[s] an objective element of reasonableness that prevents liability for bizarre or idiosyncratic interpretations of collection notices") (citation and quotations omitted).

The inclusion of a different internal Radius reference number could not have misled

4

Daggett, or any consumer, into thinking that the debt in the February letter was different than the debt in the August letter.  The main body of the letters fully set forth all relevant information regarding the debt itself, and the two letters provide the identical information in that regard.  Daggett does not argue that the information about the debt itself was incorrect.  Viewing the communication as a whole, an internal reference number is not a representation about the "character, amount, or legal status" of the debt, 15 U.S.C. § 1692e(2)(A), as Daggett argues.  See Jones v. CBE Grp., Inc., 215 F.R.D. 558, 566 (D. Minn. 2003) (Doty, J.) (stating that "the correspondence taken as a whole must be clear and not misleading or confusing").  Nor is it a "false representation or deceptive means to collect" that debt, id. § 1692e(10).

The use of a different internal reference number is likewise not an "unfair or unconscionable means to collect" the debt in violation of § 1692f.  That section sets out eight examples of unfair or unconscionable means, such as collecting an amount not explicitly authorized by the agreement creating the debt, taking or threatening to take any nonjudicial action to dispossess the debtor of her property, or using language on the envelope that identifies the mail as coming from a debt collector.  15 U.S.C. §§ 1692f(1), (6), (8).  The section says nothing about account numbers or reference numbers.  Moreover, even assuming that communications using two different account numbers for the same debt could violate § 1692f, the use of a different internal reference number and PIN in the letters at issue cannot plausibly constitute an "unfair and unconscionable means" to collect a debt as a matter of law.

Section 1692g sets forth what must be included in a written debt-collection notice:

the amount of the debt, the name of the creditor, the consumer's right to dispute the debt, the debt collector's obligation to verify any disputed debt and share that information with the consumer, and the consumer's right to request the name and address of the original creditor.  Id. § 1692g.  There is no mention of account numbers or reference numbers in this provision.  And even if the statute read broadly requires the inclusion of all relevant information, only the account number of the debt itself is relevant, not the debt-collector's internal reference number for that debt.

There is no dispute that all relevant details of Daggett's debt were correctly set forth in both of the letters she received from Radius.  It is not plausible that any consumer, confronted with the same account number, creditor information, and amount of the debt would believe that the letters involved a different debt because there was a different internal reference number and PIN.  See Iqbal, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Judgment on the Pleadings (Docket No. 21) is **GRANTED** and this matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 25, 2024

_s/Paul A. Magnuson_
Paul A. Magnuson
United States District Court Judge

6